

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-1998

# In Re: Continental

Precedential or Non-Precedential:

Docket 97-7109

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

## Recommended Citation

"In Re: Continental" (1998). *1998 Decisions.* Paper 53.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/53

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed March 23, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-7109

IN RE: CONTINENTAL AIRLINES,

      Debtor

UNITED STATES OF AMERICA,

      Appellant

v.

CONTINENTAL AIRLINES

  THOMAS E. ROSS,

      Trustee

An Appeal from the United States District Court
for the District of Delaware
Civil Action No. 93-cv-00485

Argued December 2, 1997
Decided January 20, 1998

Before: COWEN, McKEE and ROSENN, Circuit Judges.

(As Amended March 23, 1998)

ORDER AMENDING OPINION

The opinion of the court filed in the above entitled case on January 20, 1998, is herewith amended as follows:

1) Slip opinion, page 4, second full paragraph, the first two sentences should now read as follows:

> The Government argues that the $4.8 million in funds it held at the time of confirmation and subsequently deposited into the registry of the bankruptcy court, and which the Government alleged it was entitled to set-off1 against the $14.5 million owed by Continental, was not "property of the [bankruptcy] estate." The Government contends that the bankruptcy court's confirmation of Continental's reorganization plan did not extinguish its right of set-off vis-a-vis the $4.8 million in funds because it still held them at the time of confirmation.2

2) Slip opinion, page 6, line 7, delete "in the registry of the court" and substitute "by the Government."

3) Slip opinion, pages 6-7, revise and combine the last paragraph on page 6 and the first full paragraph of page 7 to read:

> Finally, the Government's contention that the Norton court "incorrectly considered the funds held by the creditor to be property of the estate" which led to its "erroneous ruling that confirmation of the plan extinguishes a creditor's set-off rights" is without merit. (citing 11 U.S.C. SS 1141(b) and 1327, and Norton, 717 at 774). The Government's argument thus misses the cumulative effect of the Norton and Strumpf holdings. Although Norton implicitly held that the funds withheld by the creditor subject to set-off were "property of the estate," today under Strumpf, the relevant "property of the estate" is instead the bankrupt debtor's claim to the funds as opposed to the possession of the physical funds themselves. Even though the actual funds themselves may not have passed as property of the bankruptcy estate, upon confirmation of the plan,

2

Continental did acquire a claim or interest in them subject only to final resolution of the Government's appeal. Thus, contrary to the Government's assertion, its set-off rights in the funds did not remain unaffected by confirmation of the plan because, under Norton, its set-off right was extinguished by the confirmation of the plan. Norton continues to have vitality and survives Strumpf.

BY THE COURT:

/s/ Max Rosenn

Circuit Judge

March 23, 1998

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

3